IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-CV-00096-PAB

BANKCARD MANAGEMENT CONSULTING, LLC, a Colorado corporation,

    Plaintiff,

v.

NETS, INC., a Nebraska corporation,

    Defendant.

---

## JOINT PROTECTIVE ORDER

---

To protect the confidentiality of confidential information sought to be discovered in this action, Plaintiff Bankcard Management Consulting, LLC ("BMC") and Defendant NETS, Inc. ("NETS") (collectively the "Parties"), through their undersigned counsel, jointly request that the Court enter this Protective Order in the above-captioned matter.

IT IS HEREBY ORDERED as follows:

**I.    TYPE OF INFORMATION.**

In this action, the Parties have sought, anticipate seeking, anticipate receiving, and anticipate disclosing, providing, or producing (collectively "Disclosing") information relating to confidential commercial information, proprietary information, trade secrets, and other confidential information. Such information specifically includes, but is not necessarily limited to, information regarding (1) the Consulting Services Agreement entered into by BMC and NETS, Filing Nos. 1-1 and 5, which the Parties designate as "CONFIDENTIAL" and restricted

to the parties and counsel of record;[1] (2) services BMC provided under the Consulting Services Agreement; and (3) the agreement BMC helped to negotiate between a third-party and NETS.

## II. DESIGNATION

Information that the Parties: (a) produce in discovery in this matter; and (b) want protected as confidential within the terms of this Protective Order shall be labeled as "CONFIDENTIAL" (the "Confidential Information"). A Party may designate documents as "CONFIDENTIAL" by written notice to opposing counsel that identifies the documents so designated by Bates number or other reasonable identifying characteristic, and such designation may be made within ten business days after production in the event a party inadvertently failed to so mark such document(s) as "CONFIDENTIAL." This Protective Order shall govern the disclosure, maintenance, and use of all Confidential Information.

## III. CLAWBACK

If a party inadvertently or mistakenly produces documents or information subject to a claim of privilege or protection, such production will not automatically waive otherwise applicable claims of privilege or protection. Upon receipt of written notice identifying privileged or protected documents that were inadvertently or mistakenly produced, the receiving party shall within ten business days: (a) return or certify the destruction of all such documents; and (b) destroy work product or portions of any work product containing or reflecting their contents. This provision shall not affect any rights of the party returning such inadvertently produced documents to move for *in camera* inspection of the documents and to compel production of the returned documents.

---

[1] To the extent this document has been filed by either party without the protections of this order, the parties intend to seek after-the-fact protections by separate motion, in the event the Court decides to grant the relief sought herein.

## IV. RESTRICTIONS.

Confidential Information shall not be used or disclosed in any manner that is contrary to the terms of this Protective Order. All Confidential Information shall be disclosed only to the persons authorized by this paragraph ("Qualified Persons"), as necessary for the pursuit of a claim or defense in this lawsuit:

(a) The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom;

(b) The Parties, counsel to the Parties and persons regularly employed in the office of such counsel, to include hired law clerks and vendors or copying services;

(c) Deposition witnesses or any witness at trial not within any of the above categories only as permitted by Section 5 below;

(d) Insurance adjusters for the defendant in this litigation; and

(e) Experts, consultants, and investigators, and their staff who are retained by a party for purposes relating to this litigation and who have executed a written agreement to be bound by the terms of this Protective Order, in the form of the acknowledgement attached hereto as Exhibit A.

## V. DISCLOSURE TO THIRD PARTIES.

Before Disclosing Confidential Information to any third-party Qualified Person under Section 4 above (i.e., a Qualified Person other than a party or party's counsel and their employees), disclosing counsel shall inform such third party of this Protective Order and obtain the person's written agreement to be bound by the terms of this Protective Order. This requirement will be satisfied by obtaining the Qualified Person's signature on a copy of the

acknowledgement attached hereto as **Exhibit A**. These executed acknowledgements shall be maintained by counsel of record responsible for the disclosure and shall be available for inspection upon order of the Court. A party or the party's attorney may disclose Confidential Information at a deposition to deposition witnesses. If a deposition witness, however, does not fall within any of the descriptions in subparagraphs (a)–(e) of section 4, that witness may not retain any Confidential Information unless he or she agrees to and signs the acknowledgment attached hereto as Exhibit A. The failure of any such witness to agree to and sign the acknowledgment shall be deemed a waiver of the right of the witness to review and sign his or her deposition.

## VI. REVIEW PROCEDURE.

No party shall designate an item as "CONFIDENTIAL" without a good faith basis for doing so. At any time after the production of any materials designated as "CONFIDENTIAL" by one party, any other party to this Protective Order may serve a notice of objection to such designation stating all of the reasons for such objection. The Parties shall make a good faith effort to confer by voice to resolve any disagreement over any objection to a "CONFIDENTIAL" designation of information. Should the Parties be unable to resolve a dispute regarding a "CONFIDENTIAL" designation, the Parties shall schedule a telephone conference with the assigned Magistrate Judge to resolve the dispute as outlined in Paragraph 5 of Magistrate Judge Mix's Requirements of Practice, and shall otherwise proceed in accordance with her directives.

20041 12882_2

VII. **FILING CONFIDENTIAL INFORMATION WITH THE COURT.**

In the event it is necessary for the Parties to file, or to offer testimony regarding, Confidential Information with the Court in connection with any pretrial proceeding, motion, or as evidence at trial, the information shall be filed as a Level 1 restricted document pursuant to D.C.Colo.L.R 7.2(B)(5).

VIII. **CONFIDENTIAL INFORMATION AT TRIAL OR HEARING.**

Subject to the Federal Rules of Evidence, the Parties may offer Confidential Information in evidence at trial or any court hearing. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court may then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial.

IX. **PRESERVATION OF RIGHTS.**

This Protective Order is designed to facilitate the voluntary disclosure of information. Nothing herein shall be construed as an admission by any party. Each party will retain the right to object to a discovery request based on trade secret, confidential information, or other privacy or confidentiality-based concerns and to have that objection heard on its merits independent from this Protective Order should that party so choose. This Protective Order will not affect any party's right to apply to the Court for a Protective Order imposing greater or lesser restrictions on specified documents or information. Nothing contained in this Protective Order shall prohibit any party from using its own Confidential Information in any manner that that party sees fit, or

from revealing such Confidential Information to whoever that party pleases, without prior consent from the other party or the Court.

## X.  RETURN OF CONFIDENTIAL INFORMATION.

Within sixty days of the termination of this litigation, which includes the exhaustion of all appeals, counsel for the party that received Confidential Information from the opposing party shall be required immediately to return to counsel for the disclosing party all Confidential Information disclosed subject to this Protective Order, or, at the option of the producer, certify that such information has been destroyed. Notwithstanding this provision, outside counsel of record are entitled to retain an archival copy of all pleadings, motions, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Protective Order and its protections.

## XI.  NO WAIVER.

Review of the Confidential Information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality and protection of the documents or objections to production. The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality and protection.

2004112882_2

SIGNED this 21st day of March 2013.

_____
MAGISTRATE JUDGE

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**
**BY PROTECTIVE ORDER**

I, _____, state:

1. I reside at _____;

2. My present employer is _____;

3. My present occupation or job description is _____;

4. I agree to keep confidential all information provided to me in the matter of *Bankcard Management Consulting, LLC v. NETS, Inc.*, Case No. 13-cv-00096-PAB in the United States District Court for the District of Colorado, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5. I agree to use any Confidential Information provided to me in this matter for the purposes of this litigation only, and will not use such information in any other way.

6. I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order;

7. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

[Signature Page Follows]

Executed on _____

_____
[Printed name]

_____
[Signature]